THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Mary Jane McGill,
    Plaintiff,

v.      Civil Action No.: RDB-09-2506

Baltimore City Board of School Commissioners,
    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Mary Jane McGill ("McGill") brings this action against Defendant, the Baltimore City Board of School Commissioners ("the Board"), her former employer, alleging that she was unlawfully discriminated against on the basis of her age pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. Pending before this Court is the Board's Motion to Dismiss (Paper No. 7). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated below, the Board's Motion to Dismiss (Paper No. 7) is GRANTED with respect to any allegations of age discrimination that occurred before December 25, 2007, but DENIED in all other respects.

## BACKGROUND

This Court reviews the facts relating to this claim in the light most favorable to the plaintiff. *See, e.g., Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

In August 2006, the Board hired Plaintiff McGill to work as a high school English teacher in Baltimore City, Maryland. Compl. ¶ 4. McGill, who has prior teaching experience in Prince George's County, Maryland, was sixty-three years old when the Board hired her. *Id.* ¶ 7, 10E. From August 2006 through July 2007, McGill worked at Digital Harbor High School. *Id.* ¶

1

7. From August 2007 through June 2008, McGill worked at Carver Vocational Technical High School. *Id.* ¶ 8. McGill's contract stated that it would continue from year to year. *Id.* ¶ 9.

On or about April 25, 2008, the Board notified McGill that her contract would not be renewed for the 2008-2009 school year. *Id.* ¶ 11. On or about June 10, 2008, McGill received a letter from the Board explaining that she was being released for poor performance. *Id.* On September 24, 2009, McGill filed the instant Complaint, alleging that the Board's stated reason for terminating her was merely a pretext for discrimination, and that the real reason the Board terminated her was her age. *Id.* ¶ 12. McGill also alleges that she performed at the same level as other teachers and that any alleged "incidents of poor performance" were the result of improper training and mentoring by the Board. *Id.* McGill contends that the Board failed to provide her with the same kind of support as it did other teachers under the age of forty. *Id.* ¶ 10. Specifically, she alleges that the Board failed to provide her with a mentor, an Instructional Specialist and as much logistical support as it did for younger teachers. *Id.* McGill also asserts that the Board assigned her a larger number of students than it assigned to other younger teachers, and did not give her credit for prior teaching experience as it did for other teachers under 40. *Id.*

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted, and a Rule 12(b)(6) motion therefore tests the legal sufficiency of a complaint.

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under the

2

plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" in order to survive a motion to dismiss. *Id.* at 555. Thus, a court considering a motion to dismiss "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Well-pleaded factual allegations contained in the complaint are assumed to be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial deference. *See Twombly*, 550 U.S. at 570 (stating that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'" (citations omitted)). Thus, even though Rule 8(a)(2) "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft*, 129 S. Ct. at 1950.

To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Supreme Court has explained recently that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 129 S. Ct. at 1949. The plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Twombly*, 550 U.S. at 556. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1937. Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.*

## ANALYSIS

### I. Age Discrimination in Employment Act Claim

In order to allege a prima facie case of discriminatory discharge under the Age Discrimination in Employment Act, a plaintiff must assert that she (1) is a member of the protected class, i.e. is at least 40 years old; (2) suffered an adverse employment action; (3) was meeting her employer's legitimate expectations at the time of the adverse action; and (4) was replaced by or treated less favorably than someone who is either outside the protected class or "substantially younger" than her. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313 (1996); *Hill v. Lockheed Martin Logistics Mgmt.*, 354 F.3d 277, 285 (4th Cir. 2004) (en banc). In her Complaint, McGill states that she was sixty-three years old when the Board hired her as a high school English teacher and that the Board terminated her because of her age. Compl. ¶ 7. McGill alleges that she performed at the same level as the other teachers at school and was given less support than other teachers under the age of forty. Compl. ¶¶ 10, 12, 13. Thus, McGill successfully puts forth a prima facie case of age discrimination and states "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In its Motion to Dismiss, the Board contends that it released McGill because she performed poorly in the classroom. The Board also asserts that McGill's allegations that she was given less support than other, younger teachers, are false. This Court notes that the Board appended materials outside the pleadings to its memorandum in support of its Motion to Dismiss. In fact, the Board's argument as to its legitimate, nondiscriminatory reason for terminating McGill relies primarily upon two affidavits from the principals of Digital Harbor High School and Carver Vocational Technical High School stating that McGill was not meeting their

4

expectations. Federal Rule of Civil Procedure 12(b) states that when a court is faced with a motion to dismiss for failure to state a claim upon which relief can be granted and "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Imbedded in this rule is the corollary that a court has discretion to exclude any matters outside the pleading and thus continue to treat the motion as one to dismiss. *See Finley Lines Joint Protective Bd. Unit 200 v. Norfolk Southern Corp.*, 109 F.3d 993, 996 (4th Cir. 1997). This Court concludes that the pending motion should be treated solely as a motion to dismiss because McGill has not been afforded a reasonable opportunity to challenge the statements made in these affidavits. *Cf. Jordan v. Washington Mut. Bank*, 211 F. Supp. 2d 670, 673 (D. Md. 2002) ("Even if the Court were to conclude that it should at this early stage of the case consider 'matters outside the pleading,' the Court would be required to give the parties a 'reasonable opportunity to present all material made pertinent to such a motion by Rule 56.'") (citing Fed. R. Civ. P. 12(b)). Putting aside the Board's affidavits at this stage, McGill has successfully alleged a prima facie case of age discrimination, and therefore meets the minimal burden of stating a claim that is plausible on its face. Accordingly, the Board's Motion to Dismiss is denied to the extent it is based upon affidavits contending that McGill was released for poor performance.

## II.     Timeliness

However, the Board contends that McGill's claims of age discrimination pertaining to the time she taught at Digital Harbor High School are time-barred. Under federal law, an employee bringing suit under the ADEA must first file a charge of discrimination with the Equal Employment Opportunity Commission. 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d). The parties agree that with respect to Maryland law, an EEOC charge must be filed no later than 300

days after the alleged unlawful employment practice. *EEOC v. Hansa Products, Inc.*, 844 F.2d 191, 192 (4th Cir. 1988); *White v. Mortgage Dynamics, Inc.*, 528 F. Supp. 2d 576 (D. Md. 2007). McGill filed a charge of age discrimination with the EEOC on October 20, 2008. Pl.'s Response at 2. Thus, this Court may consider solely alleged acts of discrimination that occurred within 300 days prior to this date, i.e. since December 25, 2007. Since McGill only worked at Digital Harbor High School until July 2007, the claims she made as to that period of employment are time-barred. Accordingly, the Board's Motion to Dismiss is granted as to McGill's allegations of age discrimination that occurred before December 25, 2007.

### III. Compensatory and Punitive Damages

The Board contends that McGill's Complaint should be dismissed because it seeks compensatory and punitive damages, which cannot be awarded under the ADEA. McGill does not appear to contest that damages for pain and suffering are not recoverable under the ADEA. *See Slatin v. Stanford Research Inst.*, 590 F.2d 1292, 1296 (4th Cir. 1979); *Walker v. Pettit Construction Co.*, 605 F.2d 128, 129-30 (4th Cir. 1979). However, McGill also asserts in her Complaint that she lost "wages and employment fringe benefits" and generally requests "such other and further relief as the nature of her cause may require." Compl. ¶ 14. The equitable remedy of front pay, or lost future earnings, is generally available when an employer has terminated an employee unlawfully and the employee's reinstatement is not possible. *See Loveless v. John's Ford, Inc.*, 232 Fed. Appx. 229, 238 (4th Cir. 2007); *Duke v. Uniroyal, Inc.*, 928 F.2d 1413, 1423 (4th Cir. 1991). Whether an award of front pay should be made in this case rests squarely within this Court's discretion. *See Duke*, 928 F.2d at 1424. Furthermore, "[o]verwhelming judicial authority" recognizes that employers guilty of discrimination are liable for fringe benefits under the ADEA. *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 964 (4th Cir.

1985). Thus, since McGill's Complaint seeks some damages that may properly be awarded under the ADEA, the Board's Motion to Dismiss is denied to the extent it is based upon McGill's request for damages.

## CONCLUSION

For the reasons stated above, Defendant the Board's Motion to Dismiss (Paper No. 7) is GRANTED with respect to any allegations of age discrimination that occurred before December 25, 2007, but DENIED in all other respects.

A separate Order follows.

Dated: May 25, 2010

/s/ _Richard D. Bennett_

Richard D. Bennett
United States District Judge