IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARYJANE MCGILL              *
                             *
                             *
     v.                      *      CIVIL NO. JFM-09-2506
                             *
BALTIMORE CITY BOARD OF      *
SCHOOL COMMISSIONERS         *
                          ******

## MEMORANDUM

Plaintiff has instituted this *pro se* action for age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq*. against her employer, the Baltimore City Board of School Commissioners. Defendant has filed a motion for summary judgment. Plaintiff has responded to the motion and, with leave of court I am granting today, has filed a surreply. Defendant's motion will be granted.

In order to establish a claim under the ADEA plaintiff must either present direct evidence of discrimination or meet the burden-shifting scheme set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Causey v. Balog*, 162 F.3d 795, 800 (4th Cir. 1998). Plaintiff has presented no direct evidence of age discrimination. Her claim also is insufficient under the *McDonnell Douglas* scheme because she has not presented sufficient evidence from a fact finder that she has met the last two prongs of the *McDonnell Douglas* test: that at the time that an adverse employment action was taken against her, she was performing her employment at a satisfactory level and was meeting her employer's expectations and that following the adverse job action, she was replaced by someone of comparable qualifications outside of the protected class.

1

In opposing defendant's motion, plaintiff has, at most, presented anecdotal evidence that in some respects her job performance was satisfactory. However, she has not shown that defendant believed her job performance to be satisfactory. To the contrary, the evidence shows that her contract was not renewed because she had trouble communicating with other members of the staff with which she worked, did not recognize appropriate chains of command, exhibited poor classroom management, had inappropriate discussions with students, and had parental complaints lodged against her.[1] Moreover, plaintiff has not shown that she was replaced by a person outside of the protected class.

A separate order granting defendant's motion and entering judgment on its behalf is being entered herewith.

Date:   July 16, 2012            ___/s/_____
                                 J. Frederick Motz
                                 United States District Judge

---

[1] Assuming that plaintiff did present sufficient evidence to show that her work performance was satisfactory, she has not met the burden under *McDonnell Douglas* of demonstrating that the reasons articulated by defendant were the non-renewal of her contract were pretextual.